[No. 10,448.]
## PEOPLE *v.* CARRILLO.

EVIDENCE — PRESUMPTION OF FACT — INSTRUCTION.—In this State it is error for the Court—in any case where a legal presumption does not exist—to instruct the jury that one fact should be inferred from another: *Held*, accordingly, that upon the trial of an indictment for the felonious appropriation of public money, under § 424 Penal Code, it was error for the Court to instruct the jury that the failure of the prisoner to pay over the money, if unexplained, raised a presumption of felonious appropriation which would authorize a verdict of guilty.

APPEAL from a judgment for the plaintiff, in the County Court of Los Angeles County. STEPHENS, J.

The facts are stated in the opinion.

*Eastman, Haley, King & Roberts,* and *Bicknell & White,* for Appellant.

*The Attorney-General,* for Respondent.

By the COURT:

The indictment is founded upon § 424 of the Penal Code. It sets forth that the defendant, being Tax Collector of the City of Los Angeles, and, as such Tax Collector, charged with the receipt, safe keeping, transfer, and disbursement of public moneys belonging to that city, received some $17,000 into his official possession, and thereupon did " fraudulently, and without authority of law, willfully and feloniously *appropriate the same to his own use,* contrary to the form, force, and effect of the statute," etc. The plea of the defendant was " not guilty," and upon the trial the Court below instructed the jury as follows:

" If you find that $17,129, or a lesser amount of the city's money, was collected by the defendant, as Tax Collector, and it has never been paid over by him to the proper authority, it will then be for you to determine whether he has feloniously appropriated the same or a part thereof to his own use; and while the prisoner is not called upon to prove his innocence, but, on

the contrary, the prosecution to prove the charge as alleged in the indictment, still the fact, if such be the fact, that the defendant received the money and failed to pay over the same as required by law, if unexplained, raises a presumption of a felonious appropriation, which will authorize a verdict of guilty, unless the other evidence in the case satisfactorily explains the reason of the failure to pay over."

. This instruction is clearly erroneous, in that the jury are told that the failure of the prisoner to pay over the money, if unexplained, *raises a presumption of a felonious appropriation* which will authorize a verdict of guilty. The alleged felonious appropriation was the ultimate fact, to the solution of which the deliberations of the jury were to be addressed. It was the ultimate and important fact to be found by their verdict, before judgment of conviction could properly go against the prisoner. To tell them therefore, that, if they should find some other and merely probative fact, then the principal fact of *guilty appropriation* was to be reached by *mere presumption*, was an unwarrantable interference with the functions of the jury. This rule was announced here, upon a thorough examination of the authorities, in *People* v. *Walden*, 51 Cal. 588, and subsequently in *Stone* v. *The Geyser Quicksilver Mining Company*, 52 Id. 315.

These views render the consideration of other points made for the prisoner unnecessary.

Judgment and order denying a new trial reversed, and cause remanded. Remittitur forthwith.