[No. 20326.   In Bank. — September 30, 1887.]

# THE PEOPLE, RESPONDENT, *v.* WILLIAM WILLIAMS, APPELLANT.

MURDER — INSTRUCTIONS — PREMEDITATION AND DELIBERATION. — In a prosecution for murder, in which the defendant was convicted of murder in the first degree, the court, in its instructions, after correctly defining the different degrees of murder, charged the jury that if they believed from the evidence that certain facts which it recited to them, and which the evidence tended to prove, were true, and that under such circumstances the defendant, "without further cause or provocation," killed the deceased, he was guilty of murder in the first degree. *Held*, that the instruction was erroneous and prejudicial to the defendant, in omitting the element of premeditation and deliberation which is essential to constitute murder in the first degree.

APPEAL from a judgment of the Superior Court of Napa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. E. Johnston, A. J. Hull,* and *H. C. Gesford,* for Appellant.

*Attorney-General Johnson, Henry Hogan,* and *Spencer & Henning,* for Respondent.

TEMPLE, J. — The defendant was convicted of murder in the first degree, and now appeals from the judgment, and from an order denying his motion for a new trial.

The only point raised on the appeal which I deem it necessary to consider arises on instruction 20, given at the request of the prosecution.   It is as follows:—

"If the jury believe, from the evidence, that on the day of the homicide Clark came to the town of Monticello, and that Williams, seeing or meeting him on the street, spoke to Clark, and said he wanted to see him, and requested Clark to go to the shade on the north side of Fowler's saloon, and if, when they had reached the shade, Williams informed Clark of what he had heard

that Clark had said about Williams mistreating his wife, or poisoning his wife, and asked Clark to retract it or take it back, or words to that effect, and that Clark refused to retract or take back what he had said, and that then Williams, without further cause or provocation, shot and killed Clark, then Williams committed murder of the first degree, and you should so find."

This instruction seems to omit the element of premeditation and deliberation in defining murder in the first degree. Before giving this instruction, the court had fully and in various forms defined murder in the first degree, and murder in the second degree.

. The first contention on the part of the people is, that under such circumstances the instruction, though erroneous, could not have misled the jury to the injury of the appellant. But it is plain that this position cannot be maintained. If a trial judge, in his charge to the jury, recites certain alleged facts which there is some evidence tending to prove, and then tells the jury that, if such facts are proven beyond a reasonable doubt, they must find the defendant guilty of murder in the first degree; and such charge is erroneous because the alleged facts do not, as matter of law, constitute murder in the first degree,— it is prejudicial error, which is not cured by the fact that a full and correct definition of the offense had previously been given. Under this instruction, the jury, having found that the recited facts existed, were bound to find the defendant guilty of murder in the first degree, and they had no further use for a definition of the offense. They were expressly told that all the elements of the crime were there, and they must find the defendant guilty.

Conceding that the instruction is thus erroneous, 1 cannot understand how it can be said not to have prejudiced the rights of the defendant, except upon the theory that we assume his guilt, and also that his defense is a wrongful attempt to evade the demands of justice. But,

whatever we may think of the evidence, he is entitled
to his "due process," and to a fair trial according to the
rules of law.    Until found guilty upon such a trial, he
stands clothed with the presumption of innocence.   With
this most important element omitted, the defendant has
not had his day in court, — has not been tried and con-
victed by a jury, of the crime with which he was charged,
and of which he has been adjudged guilty.

It is also suggested, although we find no such claim in
the brief filed for the plaintiff, that the instruction does,
in fact, contain the elements of deliberation and pre-
meditation.    The plain answer to this is the language of
the instruction itself.    But the instruction plainly omits
an essential element of murder in the first degree, to
wit, premeditation and deliberation; and even if we
could adopt the theory of the prosecution, that the facts
recited plainly imply deliberation, the instruction is still
erroneous.    It invades the province of the jury, and
finds for them a conclusion from the evidence, which
must always be left for the jury.

In *People* v. *Doyell*, 48 Cal. 85, this court attempted to
define the degrees of murder, and stated the elements
constituting each.    It is there said: " To constitute a
crime, there must be a joint operation of act and inten-
tion.    But the common law measures an act which is
*malum in se* substantially by the result produced, hold-
ing the doer of the act guilty of the thing done in the
same measure as if it were specifically intended."    But
this guilty intent, which the law thus implies from the
fact that an unlawful act has been committed, would not,
in a case of homocide, raise the offense to the grade of
murder in the first degree.    It would be, at the most,
but murder in the second degree.    To raise the offense
to murder in the first degree, there must be added the
element of deliberation, — not implied, but made mani-
fest by the evidence; but since no appreciable space of
time need elapse between the intent and the act, it is only

necessary that the evidence should show, and the jury should find, that, before the act of killing, the specific intent to take life was formed. In each case the intent to take life existed as matter of law. In the one case, however, it need not be proven, and may not in fact exist; it is implied from the fact of an unlawful killing. In the other, the evidence must show that there was a deliberate intent to take life. Of course it is not necessary to show this by express or direct proof of an intent, but the evidence in some way must make it manifest, and the jury must be able to find it from the testimony. To illustrate: nothing else appearing except that a homicide has been committed, by the defendant, the law implies malice; and as the burden of showing justification or excuse is on the defendant, it would be murder, but not murder in the first degree, because the specific intent to take life is not proven. This last is a most essential fact, and is always an inference from the facts proven, and cannot be taken from the jury, however clear, or even inevitable the conclusion may be. (*People* v. *Walden,* 51 Cal. 588; *People* v. *Carrillo,* 54 Cal. 63.)

Suppose, in this case, the instruction had been: "If you believe from the evidence, beyond a reasonable doubt, that defendant had announced that he would take the life of deceased as soon as opportunity occurred, and thereupon, meeting Clark, asked him to go with him into the shade, and then, without any provocation or hostile demonstration on the part of deceased, shot and killed him, it is murder in the first degree." The conclusion that there was a specific intent to take life would be very obvious, and the jury would not be justified on such facts in finding any other verdict than murder in the first degree. And yet the instruction would be plainly erroneous. It would take from the jury the very question of guilt, so far as this grade of the offense is concerned. The verdict would be the finding of the court, and not of the jury. The case as to

the grade of the offense, was taken from the jury, and there was no jury trial.  On such theory the court might in every case recite all the other facts, omitting intentions and motives, which are essential to constitute the offense, and tell the jury, if the dry facts are so, they must find the defendant guilty.  It would be but one step further to enter judgment without trial, when the guilt is obvious, and then say there was no injury, because the verdict could have been but one way.  This degree of refinement — if it be such, and it is only that of the statute — is not·necessary in this case, where the recited facts do not necessarily involve deliberation.  I have gone into the matter thus fully to show how dangerous such instructions must always be.

It is not necessary to allude to the other instructions which are objected to.  Some of them, if standing by themselves, would undoubtedly need qualification; but, on the whole, we think they are not inconsistent, and fairly and correctly place the law before the jury.  Many of them are taken from the charge approved in *People* v. *Iams,* 57 Cal. 118.  Although the whole charge is there approved, but a small part of it was really involved in the exceptions taken in that case, and as to the rest it was *obiter.*  As a whole, the charge was undoubtedly an able *resume* of the law upon the subject, but, like the instructions just alluded to in this case, some portions, if isolated, would require qualification.

The judgment and order should be reversed, and the case remanded for a new trial; and it is so ordered.

McKINSTRY, J., PATERSON, J., THORNTON, J., and SHARPSTEIN, J., concurred.

McFARLAND, J., dissenting.— I dissent.  Instruction No. 20 — the only one about which there can be any serious question — tells the jury that if, from the evidence, they believe certain facts and circumstances (enumerat-

ing them), under which the prosecution claimed the homicide to have been committed, and that appellant, " without further cause or provocation," then killed the deceased, he was guilty of murder in the first degree. This kind of instruction is not commendable, and is at best hazardous.    The particular objection in the present instance is that the elements of deliberation and premeditation were not expressly stated in the instruction. But the court, in other parts of its charge, had fully and in various forms of language instructed the jury about the difference between murder in the first degree and murder in the second degree; and that to constitute the former the killing must be willful, deliberate, and premeditated.    For instance, the court, among other instructions, gave the following: " It therefore becomes necessary for me to define what is necessary to constitute murder in the first degree, with reference to the willful, deliberate, and premeditated killing. . . . . The killing must have been willful, which implies simply a purpose or willingness to do the killing; 4. It must have been the result of deliberation; that is, it must have been done after the slayer had considered and weighed the matter in his mind; and 5. It must have been premeditated, — that is, preconcerted and *planned*, and *meditated beforehand.*   And each one of these elements must be proved by the prosecution beyond a reasonable doubt. The law does not imply deliberation and premeditation. That must be proved by the prosecution affirmatively, and beyond a reasonable doubt.    And if you find that any of these elements is wanting in this case, or if you have a reasonable doubt as to the existence of any of these elements from the evidence, I charge you that you cannot find a verdict of murder in the first degree." This language states the law most liberally in favor of appellant.

The facts grouped and enumerated in said instruction 20 were all facts about which there was evidence, and

which the jury might well find to be true. There was evidence that appellant had previously threatened to kill the deceased, for the very reasons which the prosecution claimed he did kill him. Keeping in view, therefore, the evidence and the previous instructions, and assuming that the jury found all the facts enumerated in said instruction 20 to be true, and that, "without further cause or provocation," appellant killed the deceased, I do not see how the jury could have been misled, or could have come to any other conclusion than that the appellant was guilty of murder in the first degree. The proposition presented to the jury, under these circumstances, necessarily includes the elements of deliberation and premeditation, although those or equivalent words were not *expressly* used in the particular instruction complained of. In *People* v. *Moice,* 15 Cal. 331, an instruction similar in principle was affirmed.

I think that the judgment and order should be affirmed.

SEARLS, C. J., concurred with Mr. Justice McFARLAND.