[No. 20671.   Department Two. — November 18, 1890.]

THE PEOPLE, RESPONDENT, *v.* J. H. NEYCE, AP-PELLANT.

CRIMINAL LAW — EMBEZZLEMENT — INFORMATION — DESCRIPTION OF TRUST CAPACITY. — Where the facts constituting the crime of embezzlement are fully stated in the information, such information is sufficient, although the accused is not called in the information "bailee," "trustee," or " agent," or formally put into any of the classes named in the sections of the code which define embezzlement.

ID. — AGENCY — OWNERSHIP OF PROPERTY EMBEZZLED. — If the evidence tends to show that the defendant received the embezzled money from the person described in the information as the owner of the property as his agent, and that question is submitted to the jury, the judgment will not be reversed because there is evidence tending to prove that the money belonged to another person.

ID. — EVIDENCE — PRIOR ACTS OF EMBEZZLEMENT. — Upon the trial of one accused of embezzlement, testimony is admissible which tends to prove previous acts of embezzlement similar to the one charged in the information, and against the same person.

APPEAL — ERROR WITHOUT PREJUDICE — BILL OF EXCEPTIONS — UNANSWERED QUESTIONS. — Where a bill of exceptions merely shows that the respondent asked certain questions of certain witnesses, to which appellant made certain objections, which were overruled, and appellant excepted, but it is not shown whether the answers to the questions were favorable or unfavorable to appellant, or that they were answered at all, the alleged errors in ruling will not be considered on appeal.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George Pearce*, and *J. C. Sims*, for Appellant.

*Attorney-General Johnson*, for Respondent.

McFARLAND, J. — The defendant was convicted of embezzlement, and appeals from the judgment, and an order denying a new trial.

1. The objections raised by the demurrer and motion in arrest of judgment to the sufficiency of the information are not well taken. The main point here made is, that appellant is not called in the information "bailee," "trustee," or "agent," or formally put into any of the classes named in the sections of the code which define embezzlement. But facts constituting the crime were fully stated, and that being so, it was not necessary to designate the appellant by any particular name (*People v. Johnson*, 71 Cal. 389), and the information in all other respects was unassailable.

2. The transcript is defective on the points sought to be made about alleged errors in ruling on the admissibility of evidence. The bill of exceptions merely shows that respondent asked certain questions of certain witnesses; that appellant made certain objections to said questions; that the court overruled the objections; and that appellant excepted. But it is not shown whether the answers to the questions were favorable or unfavorable to appellant, or that they were answered at all. It is true that in another part of the transcript the appellant "tenders all the evidence, objections, rulings, exceptions, instructions given and refused, shown in the report of the trial of said action taken down by George Hall, reporter of said court"; but in said report, which follows, there are no objections, rulings, or exceptions. And if the exceptions stated in one part of the transcript

could possibly be applied to evidence stated in another part of the transcript, which was apparently admitted without objection, it would be found that they are pointed to certain testimony which might be construed as tending to prove previous acts of embezzlement similar to the one charged in the information, and against the same person. But it has frequently been held that in a case of embezzlement the admission of such evidence is not erroneous. (*People* v. *Gray*, 66 Cal. 271.)

3. In the brief of appellant no point is made on the instructions. We have examined them, however, and find in them no material error. Really, the only apparent defense which appellant could have had on the evidence as presented by the record was the technical one that the money which he is charged with embezzling was not the property of McLean, as averred in the information, but of Wightman, to whom it was to have been paid; but there was evidence that appellant was the agent of McLean, who gave him the money. That question was submitted to the jury, and we see no error committed with respect to that question.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.