[No. 21199.   Department Two.—August 21, 1895.]

# THE PEOPLE, RESPONDENT, *v.* AL COBLER, APPELLANT.

CRIMINAL LAW—EMBEZZLEMENT—SUFFICIENCY OF INDICTMENT.— Under sections 967 and 1131 of the Penal Code, it is not necessary to specify in an indictment or information for the embezzlement of money or to prove at the trial the coin, number, denomination, or kind of money embezzled; and it is sufficient to describe the money appropriated as lawful money of the United States.

ID.—MANNER AND PURPOSE OF RECEIPT OF MONEY.—An indictment stating that the money embezzled consisted of public funds of the county, and was received by the defendant as deputy county assessor for the use and benefit of the county, sufficiently states the manner in which the defendant received the money, and the use and purpose for which he held it.

ID.—PROOF OF OFFICIAL POSITION—PRESUMPTIONS.—Evidence showing who was acting as assessor of the county during the year in which the embezzlement took place, and that the defendant was acting as his deputy, is sufficient proof of the official position of the defendant; and it is not necessary to prove either that the assessor or deputy assessor had properly qualified, but the law presumes that a person acting as a public officer has been regularly appointed to it, and that official duty has been regularly performed.

ID.—EMBEZZLEMENT BY ACTING DEPUTY.—If the defendant, while acting as deputy assessor, received as such officer moneys belonging to the county, and fraudulently appropriated them to his own use, he is guilty of embezzlement under section 504 of the Penal Code.

ID.—FAILURE OF FIELD DEPUTY TO RETURN ASSESSMENT—COLLECTION OF PERSONAL TAX—PUBLIC FUNDS.—The fact that a field deputy who assessed and collected taxes on personal property, which is the money alleged to have been embezzled, did not return a statement of the assessment or of the amount received at the assessor's office, and that no entry was made in the assessor's books, does not tend to show that the money collected does not constitute a part of the public funds of the county.

ID.—PROOF OF CONVERSION OF MONEY COLLECTED.—Evidence that neither the statement of the assessment nor the money collected was returned to the assessor's office is sufficient to justify the jury in finding that the money was converted by the defendant to his own use.

ID.—PROOF OF GUILTY KNOWLEDGE—OTHER EMBEZZLEMENTS.—Evidence is admissible to show that the defendant collected personal property taxes from other parties, and failed to pay over or account for the money collected, for the purpose of showing guilty knowledge and intent in the appropriation of the moneys alleged to have been embezzled.

ID.—INSTRUCTION—WEIGHT OF EVIDENCE—GUILTY INTENT—REASONABLE DOUBT.—An instruction to the jury that 'if they believed from the evidence beyond a reasonable doubt that, at the time and place alleged in the indictment, the defendant was a deputy county assessor as alleged in the indictment, and that, as such deputy county assessor, he collected

from the persons named in the indictment the sum for personal property tax therein alleged, and that he did not pay over said money to the assessor of the county, but that he fraudulently appropriated the same or any part thereof to his own use, they should find the defendant guilty as charged, does not pass upon the weight of the evidence or invade the province of the jury, and sufficiently states the guilty intent in the language of the statute, and does not omit to state that the facts must be found by the jury beyond a reasonable doubt.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. SMITH, Judge.

The facts are stated in the opinion.

*McKeeby & Appel,* for Appellant.

The proper description of the property alleged to have been taken on a charge of embezzlement must be set out in the indictment. (*People* v. *Cox,* 40 Cal. 277.) The failure to allege in the indictment the particular circumstances under which the property was received is fatal. (*People* v. *Cohen,* 8 Cal. 43; *People* v. *Peterson,* 9 Cal. 314; *People* v. *Green,* 15 Cal. 512; *People* v. *Poggi,* 19 Cal. 601; *People* v. *Jim Ti,* 32 Cal. 61.) The record is the best evidence of a person's right to hold an office. (*People* v. *Fitzsimmons,* 68 N. Y. 514; *State* v. *Allen,* 21 Ind. 516; 83 Am. Dec. 367; Pol. Code, sec. 894.) In cases of embezzlement, the relation of trust must be clearly shown to exist. (*Calkins* v. *State,* 18 Ohio St. 366.) The court erred in admitting the testimony of assessor Gray, that the defendant had embezzled other sums of money than the one for which he was indicted, as his conclusions were not based upon his own knowledge. (*Kruse* v. *Chester,* 66 Cal. 353; *Conner* v. *Stanley,* 67 Cal. 316; *People* v. *Ah Own,* 85 Cal. 580; Code Civ. Proc., sec. 1845.) The instructions to the jury were erroneous, for the reason that they pass upon the weight that should be given to the evidence; they omit to state that the conversion must be made with the intent to steal, and that the facts must be found by the jury beyond a reasonable doubt. (*People* v. *Carrillo,* 54 Cal. 63; *Ex parte Hedley,* 31 Cal. 109; *State* v. *Reilly,* 4 Mo. App. 392; *People* v. *Williams,*

17 Cal. 143; *People* v. *Strong,* 30 Cal. 158; *People* v. *Hurley,* 57 Cal. 145; *Crawford* v. *Roberts,* 50 Cal. 236; *People* v. *Atherton,* 51 Cal. 498; *Hanks* v. *Naglee,* 54 Cal. 51; 35 Am. Rep. 67; *Perkins* v. *Eckert,* 55 Cal. 400; *People* v. *Messersmith,* 61 Cal. 246.)

*Attorney General W. F. Fitzgerald,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

It is not necessary that the property or money embezzled should be fully described. (*People* v. *Mahlman,* 82 Cal. 586; *People* v. *Treadwell,* 69 Cal. 227; *People* v. *Green,* 15 Cal. 513; *People* v. *Gray,* 66 Cal. 272; 6 Am. & Eng. Ency. of Law, 498 *f; Commonwealth* v. *Leisenring,* 11 Phila. 392; 2 Crim. Law Mag. 566; *Woodward* v. *State,* 103 Ind. 127; 7 Crim. Law Mag. 380; *Territory* v. *Maxwell,* 2 N. M. 250; *State* v. *Thompson,* 32 La. Ann. 796; *State* v. *Munch,* 22 Minn. 67; *State* v. *New,* 22 Minn. 76; *State* v. *Smith,* 13 Kan. 274; *State* v. *Carrick,* 16 Nev. 120; *People* v. *Naylor,* 82 Cal. 607; *People* v. *Russell,* 81 Cal. 616; *People* v. *Savercool,* 81 Cal. 650; *People* v. *Tonielli,* 81 Cal. 275; *People* v. *Rogers,* 81 Cal. 209; *People* v. *Forney,* 81 Cal. 118; *People* v. *Keeley,* 81 Cal. 210; *People* v. *Harrold,* 84 Cal. 567.) The court will take judicial notice of the election and qualifications of a county officer. (Code Civ. Proc., sec. 1875; Pen. Code, sec. 963; 6 Am. & Eng. Ency. of Law, 498 *e; State* v. *Mims,* 26 Minn. 183; 1 Wharton's Criminal Law, 376, 1030, 1053, 1062.) An instruction as to what constitutes the offense and fraudulent intent, given substantially in the language of the statute, is not error. (6 Am. & Eng. Ency. of Law, 498; *People* v. *Treadwell,* 69 Cal. 226; *People* v. *Casey,* 65 Cal. 260.) The instruction that other acts of embezzlement are admitted to show guilty intent is proper. (6 Am. & Eng. Ency. of Law, 501; *People* v. *Gray, supra; Commonwealth* v. *Sawtelle,* 141 Mass. 140; *Commonwealth* v. *Shepard,* 1 Allen, 575; *Regina* v. *Richardson,* 8 Cox C. C. 448; *Regina* v. *Proud,* 9 Cox C. C. 22; *Regina* v. *William,* 7 Craig & P. 338.)

BELCHER, C.—The defendant was convicted of the crime of embezzlement, under section 504 of the Penal Code, and sentenced to imprisonment in the state prison for the term of five years. He appeals from the judgment and an order denying his motion for a new trial.

The indictment charges that in the month of March, 1893, the defendant was a duly qualified and acting deputy county assessor in and for the county of Los Angeles, under F. E. Gray, who was then and there the duly elected, qualified, and acting assessor of said county, and as such deputy county assessor defendant then and there had in his possession and under his control, by virtue of his trust and as such deputy, "the sum of twelve dollars, lawful money of the United States, public funds of the said county of Los Angeles," which said money he had received as such deputy for the use and benefit of said county, and did fraudulently appropriate to his own use, etc.

The defendant demurred to the indictment upon the grounds, among others, that it failed to state the kind of money, or specifically describe the money alleged to have been embezzled, and also failed to state in what manner or for what purpose defendant received the said money, or how or in what manner the same was for the use and benefit of the said county. The court overruled the demurrer, and this ruling is assigned as error.

There was no error in the ruling complained of. Under our statute it is not necessary to specify in an indictment or information for the embezzlement of money, or prove at the trial, the coin, number, denomination, or kind of money embezzled. (Pen. Code, secs. 967, 1131; *People* v. *Treadwell*, 69 Cal. 237.) Here the indictment sufficiently described the money (see *People* v. *Mahlman*, 82 Cal. 585, where the sum of money appropriated was described only as "lawful money of the United States"), and also sufficiently stated the manner in which defendant received the same, and the use and purpose for which he held it.

It is contended that the verdict was not justified by the evidence: 1. Because there was no sufficient showing that Gray was the county assessor, or that defendant was his deputy; 2. Because there was no sufficient showing that the moneys received by defendant were public funds; and 3. Because there was no sufficient showing that the moneys received were converted by defendant to his own use.

Under the first of these objections it is urged that the statute required an assessor to file an oath of office and a bond for the faithful discharge of his duties, and that the record entirely fails to show that Mr. Gray ever filed such oath or bond, or was an assessor of the county of Los Angeles, or had authority to appoint a deputy.   And it is said: "In order to show the relation existing between the defendant and the county, it became necessary to prove that he was acting by and through the authority of a *legal appointment* made as required by law, by an *officer authorized to make appointment*.   And in cases of embezzlement this relation of trust must be clearly shown to exist or no conviction can be had."   It is further urged that, while it appears from the record that some papers were introduced in evidence showing the appointment of defendant to the office of deputy assessor, still it was not shown that he filed any oath of office or bond as required of a deputy.

The judgment cannot, in our opinion, be reversed on this ground.   It was clearly shown that Mr. Gray was acting as assessor of the county of Los Angeles during the year 1893, and the defendant was acting as his deputy.   The law presumes " that a person acting in a public office was regularly appointed to it," and "that official duty has been regularly performed."   (Code Civ. Proc. sec. 1963, subds. 14, 15.)   If, therefore, the defendant, while acting as deputy assessor, received as such officer moneys belonging to the county, and fraudulently appropriated them to his own use, he was guilty of embezzlement under the provision of section 504 of the Penal Code.

In answer to the second objection above noted it is enough to say that it was clearly proved that defendant was a " field deputy outside, taking statements and collecting personal property taxes," and that he received from the firm of Blum & Lubin a statement of their taxable personal property, the assessed value of which was fixed at one thousand dollars, and collected from them the tax due thereon, which amounted to twelve dollars, and is the money alleged to have been embezzled. He did not return the statement so received to the assessor's office, and, so far as appears, no entry of the assessment was made on the assessor's books. But that does not show, or tend to show, that the money collected did not constitute a part of the public funds of the county. On the contrary, the facts proved clearly show that it was the duty of the defendant to return both the statement and the money to the assessor, and that if he failed to do so, and fraudulently appropriated the money to his own use, he was guilty of a crime.

As to the third objection, that there was no sufficient evidence of the conversion of the money by defendant; it need only be said that it was proved, without contradiction, that neither the statement nor the money was returned to the assessor's office, and, if so, the jury was justified in finding that the money was converted by him to his own use as charged.

Evidence was admitted showing that defendant collected personal property taxes from other parties, and failed to pay over or account for the money so collected. This evidence was admissible for the purpose of showing guilty knowledge and intent in the appropriation of the moneys alleged to have been embezzled here. (*People* v. *Gray*, 66 Cal. 271; *People* v. *Neyce*, 86 Cal. 393.)

Numerous objections were taken to the admission of evidence, but we see no material error in any of the rulings complained of. And, as it would subserve no useful purpose to state the objections and rulings at length, we pass them by without further notice.

The court gave to the jury, among others, an instruction reading as follows:

"If you believe from the evidence beyond a reasonable doubt that, at the time and place alleged in the indictment, the defendant was a deputy county assessor, as alleged in the indictment, and that as such deputy county assessor he collected from Julius Blum and Willa Lubin, copartners, doing business under the firm name of Blum & Lubin, the sum of twelve dollars for personal property tax, as therein alleged, and that he did not pay over said money to the assessor of said county, nor account for the same, but that he fraudulently appropriated the same or any part to his own use, then you should find the defendant guilty as charged."

It is claimed that this instruction was erroneous for three reasons: 1. Because it tells the jury that if they find certain probative facts, that then they may find the greater fact of guilt from these probative facts, and therefore passes upon the weight which should be given to the evidence, and invades the province of the jury (citing *People* v. *Carrillo*, 54 Cal. 63); 2. Because the instruction omits to state the intent with which the conversion of the money should be made; that is, that the conversion must be made with the intent to steal the money; and 3. Because the instruction omits to state that these facts must be found by the jury beyond a reasonable doubt.

In *People* v. *Carrillo*, *supra*, the court, after setting out the instruction there complained of, said: "This instruction is clearly erroneous, in that the jury are told that the failure of the prisoner to pay over the money, if unexplained, *raises a presumption of a felonious appropriation* which will authorize a verdict of guilty."

The instruction here complained of is not obnoxious to any such criticism. It does not invade the province of the jury, but simply tells them that if they find from the evidence all the facts stated, and, among others, that defendant fraudulently appropriated the money to his own use, then they should find him guilty.

Section 503 of the Penal Code declares that "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted." And section 504 declares that "Every officer . . . . and every deputy, clerk, or servant of any such officer . . . . who fraudulently appropriates to any use or purpose, not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement."

It was not error, therefore, for the court to tell the jury that, if they found from the evidence all the facts constituting the offense charged, they should return a verdict of guilty.

Embezzlement is a statutory offense, and it was not necessary for the court to go beyond the statute, and tell the jury that the appropriation or conversion must be made with intent to steal the money.

The instruction does not omit to state that the facts must be found by the jury beyond a reasonable doubt. On the contrary, it starts out with the statement that "if you believe from the evidence, beyond a reasonable doubt," etc. And in other instructions given at the request of the prosecution and defendant the jury were several times told, in effect, that before they could find the defendant guilty they must find, from a full and fair consideration of all the evidence, beyond a reasonable doubt, that he committed the offense charged.

The record discloses no prejudicial error, and the judgment and order appealed from should be affirmed

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.