[No. B172357. Second Dist., Div. One. May 9, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
VELIA ROSALES, Defendant and Appellant.

**COUNSEL**

Law Offices of Robert M. Ball and Robert M. Ball for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, William T. Harter, and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MALLANO, J.**—Velia Rosales appeals from the judgment (order granting probation) entered following a jury trial in which she was convicted of a violation of Penal Code section 425, negligent handling of public moneys by an officer. She contends that the evidence was insufficient to support the conviction and that the jury was improperly instructed. Because the evidence did not demonstrate that defendant was an "officer" as required by Penal Code section 425, we reverse.

## BACKGROUND

In addition to being prosecuted under Penal Code section 425 (unless otherwise specified, further section references are to the Pen. Code), defendant was charged with embezzlement of property by an officer or servant of that officer (§ 504) and embezzlement of public moneys by an officer or other person charged with handling public moneys (§ 424). She was acquitted of these two charges.

The evidence established that defendant worked for the Los Angeles County Department of Parks and Recreation for over 30 years. In 1997, she became "superintendent" of the Whittier Narrows Recreation Area (park). As

superintendent, defendant was responsible for the park's day-to-day operations. During that time, a nonprofit foundation provided financial support for park programs. Outside merchants were allowed to sell their wares at park events and would turn over a portion of their revenues to the foundation, of which defendant was treasurer. The foundation would then contribute the money to the park, which defendant would accept in her capacity as park superintendent.

In January 2000, a Los Angeles County auditor spoke with defendant in connection with an investigation of a third party. During that conversation, defendant stated that she had accepted funds for the foundation from Shakey's Pizza, representing 25 percent of Shakey's Pizza's sales revenues for food sold in the park. Defendant further stated that she had approximately $1,800 in cash that the foundation had donated to the park. The cash had not been deposited in the bank but was being kept at her house.

The prosecution further presented evidence that defendant consistently failed to make bank deposits of moneys generated by the foundation's program and misrepresented to foundation board members that she had done so. A forensic audit was conducted, and approximately $6,000 attributable to the foundation's activities could not be located in the foundation's or the park's bank accounts, in defendant's personal bank account, or in cash or goods. In addition, a county rule required that 15 percent of revenues generated at its parks be turned over to the county general fund, but defendant had not turned over any such moneys.

In defense, evidence was presented that the park was understaffed and underfunded. Defendant was also having serious medical problems during the period of the alleged crimes. The foundation's treasurer had quit about the time defendant came to the park and defendant had assumed the treasurer's duties. The requirement of 15 percent of revenues being turned over to the general fund had been waived by the county before defendant started working at the park. Defendant realized that she should have been more careful in handling the foundation's money, but she did the best she could. She spent all of the money she had accepted on behalf of the foundation for legitimate purposes related to running the park and had neither stolen nor made a loan to herself of any of those funds.

## DISCUSSION

Section 425 provides: "Every officer charged with the receipt, safe keeping, or disbursement of public moneys, who neglects or fails to keep and pay over the same in the manner prescribed by law, is guilty of a felony." Defendant

contends that her conviction of this offense cannot stand because no evidence was presented that she was an officer within the meaning of the statute. We agree.

■ Over defendant's objection, the jury was instructed that "[a] superintendent of the Department of Parks and Recreation is a county officer."[1] The instruction was in error. County officers are listed in Government Code section 24000.[2] The list does not include a superintendent of, or any other person associated with, the department of parks and recreation, nor has any suggestion been made that such superintendent is one of the "other" county officers referenced in Government Code section 24000, subdivision (x).

Citing *People v. Cobler* (1895) 108 Cal. 538 [41 P. 401] and *People v. Wall* (1980) 114 Cal.App.3d 15 [170 Cal.Rptr. 522], the Attorney General asserts that regardless of whether defendant was a county officer, a government employee such as defendant is a *public* officer. We disagree.

■ From the time it was enacted in 1872, section 424 has punished *embezzlement* of public moneys by an "officer of this state, or of any county, city, town, or district of this state, *and* every other person charged with the receipt, safekeeping, transfer, or disbursement of public moneys . . . ."[3] (Italics added.) In contrast, from the time section 425 was enacted, also in 1872, the criminalizing of *negligent handling* of public moneys—a more stringent standard requiring no intent to steal—has been applied to officers only. We further note that an officer under section 424 must be an officer of the "state, or of any county, city, town, or district . . . ." Section 425 is to be construed in conjunction with section 424 (*People v. Crosby* (1956) 141 Cal.App.2d 172, 176 [296 P.2d 438]), thereby suggesting that the section 424 specification of officers be applied to section 425. Nevertheless, assuming for the sake of argument that a section 425 officer need not be an officer of the state or a county, city, town, or district, the Attorney General's assertion that defendant was properly convicted as a *public* officer under section 425 is still incorrect.

---

[1] This statement was part of an instruction regarding the section 424 count, but in context it also applied to the section 425 count.

[2] Government Code section 24000 provides: "The officers of a county are: [¶] (a) A district attorney. [¶] (b) A sheriff. [¶] (c) A county clerk. [¶] (d) A controller. [¶] (e) An auditor, who shall be ex officio controller. [¶] (f) A treasurer. [¶] (g) A recorder. [¶] (h) A license collector. [¶] (i) A tax collector, who shall be ex officio license collector. [¶] (j) An assessor. [¶] (k) A superintendent of schools. [¶] (*l*) A public administrator. [¶] (m) A coroner. [¶] (n) A surveyor. [¶] (*o*) Members of the board of supervisors. [¶] (p) A county veterinarian. [¶] (q) A fish and game warden. [¶] (r) A county librarian. [¶] (s) A county health officer. [¶] (t) An administrative officer. [¶] (u) A director of finance. [¶] (v) A road commissioner. [¶] (w) A public guardian. [¶] (x) Such other officers as are provided by law."

[3] In 2002, the statute was amended to designate its first paragraph as subdivision (a), which is where the quoted language now appears. (Stats. 2002, ch. 154, § 2.)

■ " 'A public office is ordinarily and generally defined to be the right, authority, and duty, created and conferred by law, the tenure of which is not transient, occasional, or incidental, by which for a given period an individual is invested with power to perform a public function for the benefit of the public. [Citation.] . . . . The most general characteristic of a public officer, which distinguishes him from a mere employee, is that a public duty is delegated and entrusted to him, as agent, the performance of which is an exercise of a part of the governmental functions of the particular political unit for which he, as agent, is acting. . . . [Citations.] . . .' . . . [¶] '[T]wo elements now seem to be almost universally regarded as essential' to a determination of whether one is a 'public officer': 'First, a tenure of office "which is not transient, occasional or incidental," but is of such a nature that the office itself is an entity in which incumbents succeed one another . . . , and, second, the delegation to the officer of some portion of the sovereign functions of government, either legislative, executive, or judicial.' [Citation.]" (*Dibb v. County of San Diego* (1994) 8 Cal.4th 1200, 1212 [36 Cal.Rptr.2d 55, 884 P.2d 1003], italics omitted.)

In determining whether defendant could fit within this definition of a "public officer," we observe that no evidence was adduced at trial that directly addressed the specific duties of a Los Angeles County Department of Parks and Recreation superintendent or where this position might fit within the structure of county government. But certain evidence strongly suggested that defendant did not hold an "office" that is itself an entity or to which sovereign functions of government had been delegated. For example, one witness testified that, as "Assistant Director" of the parks and recreation department, he "supervised" defendant. A written agreement was introduced into evidence that was signed by a person designated as the "Director, Department of Parks and Recreation." Another document in evidence established that defendant had been the subject of a "County of Los Angeles Management Performance Plan and Evaluation." And defendant testified that she was selected as superintendent of the park after taking a "civil service exam."

Based on the foregoing, we conclude that defendant was not an "officer" but was a "mere employee." (*Dibb v. County of San Diego, supra,* 8 Cal.4th at p. 1212; see also *Cleland v. Superior Court* (1942) 52 Cal.App.2d 530, 531–533 [126 P.2d 622] [because board of supervisors had no authority to appoint a "superintendent of the Mendocino County Farm and Hospital," the person in that position was a "mere employee"]; *County of Marin v. Dufficy* (1956) 144 Cal.App.2d 30, 33 [300 P.2d 721] [failure of Legislature to set duties or term of "so-called county physician" "indicates an intention not to create the position of 'county physician' as a county office"].)

Nor do the cases on which the Attorney General relies provide legal justification for defendant's conviction. In *People v. Cobler, supra,* 108 Cal. 538, the defendant was a deputy county assessor who was being prosecuted under section 504. Section 504 then, as now, applies not only to an "officer," but to "every deputy, clerk, or servant" of such officer. (§ 504; 108 Cal. at p. 545.) The question before the *Cobler* court was not whether the defendant was an officer. Rather, the focus was on whether he was the assessor's deputy, and the court ruled that he was. (108 Cal. at p. 542.) Thus, *Cobler* is inapposite to this case.

In *People v. Wall, supra,* 114 Cal.App.3d 15, a San Francisco parking meter collector was convicted of embezzlement under sections 504 and 424 and of negligent handling under section 425, based on evidence that he took money from a parking meter after his work shift had ended. (114 Cal.App.3d at pp. 17–18.) The defendant argued that his convictions under sections 424 and 425 could not stand because "these two sections apply only if the public moneys misappropriated came into the possession of the 'officer' in the officer's 'official capacity.' Because appellant was not acting in his 'official capacity' when he emptied the meter, he cannot be convicted under these sections." (114 Cal.App.3d at p. 20.) The court refused to read an "official capacity" requirement into sections 424 and 425 and affirmed the defendant's convictions of these crimes. (114 Cal.App.3d at pp. 21–22.)

█ Although the *Wall* court affirmed a section 425 conviction of a person who did not appear to be an "officer" by any established criteria, the question of the defendant's status as an officer was not discussed. An appellate opinion is not authority for propositions not considered by the court. (*People v. Sapp* (2003) 31 Cal.4th 240, 262 [2 Cal.Rptr.3d 554, 73 P.3d 433]; *People v. Scheid* (1997) 16 Cal.4th 1, 17 [65 Cal.Rptr.2d 348, 939 P.2d 748].) Accordingly, *Wall* does not support the Attorney General's position that defendant was a public officer.

Here, as in *Wall*, given the more serious nature of the embezzlement charges versus the negligent handling charges, we can understand why the differences as to who can be prosecuted for these charges might have escaped the attention of the court and counsel. In any event, no evidence was presented that defendant was an officer within the meaning of section 425. (See *People v. Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738].) Her conviction for violating section 425 therefore must be reversed and she may not be retried for this offense. (*Burks v. United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141]; *People v. Hill* (1998) 17 Cal.4th 800, 848 [72 Cal.Rptr.2d 656, 952 P.2d 673]; *People v. Pierce* (1979) 24 Cal.3d 199, 209–210 [155 Cal.Rptr. 657, 595 P.2d 91].)

## DISPOSITION

The judgment is reversed.

Spencer, P. J., and Suzukawa, J.,[*] concurred.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.