[No. 10,955.  Department One.—December 22, 1884.]

## THE PEOPLE, RESPONDENT, *v.* JOHN S. GRAY, APPELLANT.

| 66 | 271 |
|----|-----|
| 77 | 182 |
| 66 | 271 |
| 85 | 571 |
| 66 | 271 |
| 86 | 395 |
| 66 | 271 |
| 91 | 476 |
| 66 | 271 |
| 106 | 81 |
| 66 | 271 |
| 108 | 543 |
| 66 | 271 |
| 136 | 394 |

CRIMINAL LAW—EMBEZZLEMENT—EXTRADITION.—The crime of embezzlement of public moneys is extradictable, under the treaty between the United States and the Republic of Mexico, of December 11, 1861.

ID.—EVIDENCE OF SIMILAR ACTS—GUILTY KNOWLEDGE—INTENT.—In a prosecution for embezzlement of public moneys, evidence of similar acts is admissible to prove a guilty knowledge and a criminal intent in the appropriation of the moneys alleged to have been embezzled.

ID.—INSTRUCTIONS.—It would be proper for the court to instruct the jury as to the purposes for which such evidence is admitted, but the failure of the court to do so is not error, unless the instruction is asked for.

ID.—WHARFAGE AND TOLLS—PROPERTY OF STATE.—Moneys collected as wharfage and tolls become the property of the State as soon as collected. It is not necessary that they be first paid into the treasury.

ID.—PROOF OF AMOUNT OF EMBEZZLEMENT.—Proof of the embezzlement of only a part of the amount charged is sufficient to support the information.

ID.—INSTRUCTIONS.—It is not error to refuse to give instructions which have already been substantially given.

ID.—SECTION 504, PENAL CODE.—The facts stated in the information *held* to be sufficient to bring the case within section 504 of the Penal Code.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Chas. B. Darwin*, for Appellant.

*Attorney General Marshall*, for Respondent.

MORRISON, C. J.—The defendant was accused of the crime of embezzlement, the charge contained in the information being that "said John S. Gray, on the 8th day of December, A. D. 1882, at said city and county of San Francisco, State of California, was the duly appointed, qualified and acting secretary, clerk and servant of certain State officers of said State of California, to wit, of the Board of State Harbor Commissioners (otherwise known and designated as the State Board of Harbor Commissioners), then and there duly appointed, qualified and acting as such board aforesaid, under and by virtue of the laws of the State of California; and by virtue of, and in the course of, his said employment as such secretary, clerk and servant of said Board of State Harbor Commissioners aforesaid (otherwise

known and designated as the State Board of Harbor Commissioners, as aforesaid), there came into and was in the control, care and possession, and custody of him, the said John S. Gray, certain public moneys, to wit, the sum of seven hundred dollars, lawful money of the United States, and then and there being of the value of seven hundred dollars in lawful money of the United States, and then and there being of the personal property of the said State of California, aforesaid ; which said public money had, on said day last aforesaid, been paid into the office of said board, and received by said John S. Gray, for and on behalf of said board, as such secretary of said board, as aforesaid ; and after the said public moneys, as aforesaid, to wit, the sum of seven hundred dollars, as aforesaid, had come into the control, care, custody and possession of him, the said John S. Gray, as such secretary, clerk and servant of the Board of State Harbor Commissioners, as aforesaid, to wit, at said city and county of San Francisco, State aforesaid, on said 8th day of December A. D., 1882, he, the said John S. Gray, to wit, at said city and county aforesaid, and on said 8th day of December last aforesaid, did then and there fraudulently and feloniously, and not in the due and lawful execution of his employment and trust as such secretary, clerk and servant of said board, while he, the said John S. Gray, so as aforesaid, was the secretary, clerk and servant of said Board of State Harbor Commissioners (otherwise known and designated as the State Board of Harbor Commissioners), and while he, said John S. Gray, had the said public moneys aforesaid in his possession and under his control, as such secretary, clerk and servant, as aforesaid, convert, appropriate and embezzle the said public moneys to his own use, contrary to the form of the statute," etc.

The foregoing information was duly presented and filed on the 7th day of May, 1883. A plea to the jurisdiction was filed on the 23d of the following June, in which the defendant averred that on the 3d day of April, 1883, he was a resident of the city of Guaymas, in the Republic of Mexico, pursuing his ordinary business ; when he was illegally arrested, without warrant, and without having been accused of any crime, and cast into prison, where he was kept until the 17th of the same month, and then, against his will and without authority of law, was brought back to

the United States. That he was never demanded by the Governor of California, or surrendered by the Governor of Sonora, on an accusation charging him with the crime of embezzlement contained in the information; and furthermore, that the offense charged in the information is not an extradictable one, under the treaty between the United States and Mexico.

The defendant further avers (in his plea to the jurisdiction of the court) that the offense charged in the information is not the same, neither in fact nor in law, as that found in the complaint made and filed before the committing magistrate, and which complaint was transmitted to the Governor of this State, and upon which the requisition was made; wherefore, and for other reasons stated, the defendant objected to the jurisdiction of the court, and entered his protest against any trial therein.

To this plea the people replied that, in the month of April, 1883, a requisition from the Governor of this State was addressed to the Governor of the State of Sonora, Mexico, under and in pursuance of a treaty between the United States and the Republic of Mexico, dated December 11th, 1861, for the extradition of persons charged with crimes, charging John S. Gray, the defendant, with the crime set forth in the information. The replication proceeds to set out the proceedings in detail, showing them to have been in accordance with law, and which culminated in the surrender of the alleged fugitive from justice, by the authorities of Mexico to the authorities of the State of California, for trial. The case was assigned to Department Eleven, Hon. D. J. Toohy, judge, for trial.

On the 25th day of July, 1883, the defendant interposed a plea of not guilty to the information, and the trial of the case was thereupon fixed for August 27th, following. The trial was afterwards postponed until the 25th day of October, 1883, when it commenced. Before proceeding therewith, several preliminary motions were made on behalf of the defendant, in the form of objections to the jurisdiction, a motion to strike out the information, a motion to dismiss the defendant, etc., all of which were overruled by the court. We are of the opinion that the proceedings to secure the return of the prisoner from the Republic of Mexico were in conformity to law. The charge against him was embezzlement of public moneys of the State of

California; and the offense of embezzlement of public moneys is extradictable under the treaty, as article iii. of the treaty between the United States and the Republic of Mexico, bearing date December 11th, 1861, expressly declares that the crime of " embezzlement of public moneys " is extradictable. It may be conceded, as is stated by numerous authorities, that a party can only be tried for an offense that is extradictable, and only for the offense for which he is extradicted. (See *Blandford* v. *The State*, 10 Tex. Ct. App. 627; Spear's Extradition, 203, 204.) And yet we think the plea to the jurisdiction was properly overruled. The case comes within the provisions of the treaty, and the offense (embezzlement) for which the defendant was tried, was the offense with which he was charged, and the same for which he was extradicted.

The prosecution in the case was under section 504 of the Penal Code. The point is made, that the case does not come within the provisions of the foregoing section of the code, but we are at a loss to know why it does not. The money was received by the defendant in his official capacity as Secretary of the Board of State Harbor Commissioners ; it was in his possession and under his control by virtue of his trust, and it was public money of the State of California. All the facts constituting the offense, and bringing it clearly within section 504 of the code, are set forth in the information.

On the trial of the case, the prosecution was allowed to prove, against the objections of the defendant, numerous other acts of embezzlement committed by the defendant, in addition to the one charged in the information; and this, it seems to us, is the most formidable objection to the proceedings taken on the appeal. It is claimed that no evidence can be introduced on behalf of the people respecting any other crime than that charged, and, as a general rule, such is undoubtedly so ; but there are exceptions to this general rule. In the case at bar, the avowed object of the district attorney in introducing evidence of other acts of embezzlement of public moneys by the defendant, was simply to prove a guilty knowledge and a criminal intent in the appropriation of the $700 described in the information ; and there are numerous authorities holding that the evidence admitted is competent for that purpose. In Wharton on Evidence,

section 46, *et seq.*, it is said that where the party's guilty knowledge is involved, acts of a similar nature are admissible. (See also, Roscoe's Cr. Ev., pp. 88, 89, 90.)

On an indictment for receiving stolen goods, evidence may be given of the receipt of several other stolen articles, for the purpose of proving guilty knowledge. (*State* v. *Goetz*, 34 Mo. 89.) So, where a party is indicted for forgery, and uttering with a guilty knowledge a forged bill of exchange, it was held that other forged bills found on the prisoner might be shown in evidence. (*Spencer* v. *Commonwealth*, 2 Leigh, 751.) On an indictment for an assault with intent to commit rape, previous assaults on the prosecutrix, with similar intent, are competent evidence. (*Williams* v. *The State*, 8 Humph. 585.) So, on an indictment for administering sulphuric acid with intent to kill horses, administering at different times for a like purpose was permitted to be shown. (*Rex* v. *Mogg*, 4 C. & P., 364.) Where a person is indicted for maliciously shooting, Mr. Russell says that proof may be given that the prisoner at another time intentionally shot at the same person. (On Crimes, vol. 2, p. 777.) "Evidence of another act of embezzlement by the defendant, during the same week in which that charged in the indictment was alleged to have been committed, was competent for the purpose of proving guilty knowledge." (*Commonwealth* v. *Shepard*, 1 Allen, 581.) In case of murder by poisoning, evidence of previous acts of poisoning is admissible. (*Rex* v. *Gearing*, 18 L. J. 215; see also *King* v. *Wylie*, 1 Bos. & P. N. R. 92; *Rex* v. *Bleasdale*, 2 C. & K. 765.) For the purpose of proving guilty knowledge, evidence is admissible that the defendant had previously passed similar counterfeit coins, although indictments therefor are pending. (*Commonwealth* v. *Stearns*, 10 Met. 256.) "Although facts may be proved not connected with the transaction constituting the crime, to establish guilty knowledge, yet they are to be regarded as competent, because they tend directly to prove an essential element of the crime, to wit, guilty knowledge of a given fact." (Per Church, C. J., in *Copperman* v. *The State of New York*, 56 N. Y. 592.) "Whenever the intent or guilty knowledge of a party is a material ingredient in the issue of a case, then collateral facts, that is, other acts and declarations of a similar character, tend-

ing to establish such intent or knowledge, are proper evidence."
(*Frydam's Case*, 31 Gratt. 872. See also, *Coleman* v. *The State*,
58 N. Y. 555; *Shriedley* v. *State*, 23 Ohio St. 130.) Such evi-
dence is deemed admissible, whenever it is necessary to estab-
lish guilty knowledge.

There are other cases to which reference might be given, but
the foregoing will suffice to show that there are exceptions to
the rule which confines the evidence in a criminal prosecution
to the precise case on trial; and the only question here is
whether the case we are considering comes within the excep-
tion.

It appears that there was a clerk and several deputies con-
nected with the office of the Secretary of Harbor Commission-
ers, and if but one act of embezzlement had been established
by the evidence, it would have been, at least, a plausible defense
for the accused to have made, that it was done without his knowl-
edge. But for the purpose of fixing a guilty knowledge on the
defendant, beyond the ground of cavil, the prosecution showed
a systematic course of embezzlement in the office, extending
through a considerable period of time, and involving numerous
transactions, of which the defendant must have been cognizant.
To state the matter in the language of the District Attorney,
the evidence was admissible for the purpose of " rebutting any
idea or notion of mistake or accident : in other words, to show
by other similar acts that, in the particular act complained of,
there existed a guilty intent to appropriate and convert the
people's money to defendant's own use."

But it may be said on behalf of the defense, that the court
should have limited, by proper instructions to the jury, the pur-
poses for which the evidence was admitted, and the only pur-
pose for which it could be considered by them. Doubtless
such an instruction would have been proper, but it was not
asked by the defendant. We find in the record sixty-eight in-
structions or requests, as they are called, on behalf of the de-
fense, but not one of them is directed to the point we are now
considering. It has been held here in several cases, that the
court is not obliged to instruct the jury on any point of law in
the case, unless it is requested to do so. " Where a party in a
criminal case fails to ask the court to give instructions to the

jury upon a particular point, he cannot complain of error on the part of the court in not giving the instructions." (*People* v. *Haun*, 44 Cal. 96; *People* v. *Ah Wee*, 48 Cal. 236.)

In consideration of what has been said, we are of opinion that there was no error in admitting the evidence complained of.

The foregoing disposes of the most formidable point in the case; but there are two or more other errors assigned, which we will now proceed to dispose of.

Considerable is said in the appellant's brief about the ownership of the moneys embezzled. It is claimed that they did not become the property of the State until they were paid into the treasury. The moneys were collected as wharfage, tolls, etc. The wharves belonged to the State, and the moneys were collected for the use of the State by its agents. If the moneys so collected did not belong to the State, it would be a problem of difficult solution to determine who they did belong to. Certainly, the State Board of Harbor Commissioners had no right to such moneys; and the secretary of the Board had no title whatever to the same. We think that as soon as moneys are collected by an officer of the State, for the use and benefit of the State, the moneys so collected belong to the State.

Another point made on appeal is, that the precise sum of seven hundred dollars charged in the information is not proved to have been embezzled. We do not think it devolved upon the prosecution to prove the exact amount, and that proof of the embezzlement of only a part of the amount charged was sufficient to support the information. Section 1131 of the Penal Code provides that "upon a trial for larceny or embezzlement of money, bank notes, certificates of stock or valuable securities, the allegation of the indictment or information, so far as regards the description of the property, is sustained, if the offender be proved to have embezzled or stolen any money, bank notes, certificates of stock, or valuable security, although the particular species of coin or other money, or the number, denomination or kind of bank notes, certificates of stock, or valuable security be not proved." The evidence in the case clearly brought it within the foregoing provisions of the code, and was sufficient.

The only question in the case which remains to be considered is in connection with the instructions given and refused.

The general charge of the court seems to contain a correct exposition of the law; and although it may be subject to some hypercritical objection, we think it is, on the whole, a correct statement of the law.

We have already said that the defendant moved the court to give sixty-eight instructions to the jury, many of which are not law, and others of which were substantially covered by the charge given. This court has held in such cases that it is not the duty of the trial court to state the law more than once to the jury, and if the instructions asked in this case had all been given, we think the jury would have had, at most, a confused notion of the law of the case. The court seems to have charged the jury with clearness, and in sufficient detail. The charge was sufficient to acquaint the jury with the principles of law applicable to the case, and to lead them to a true understanding of it.

We think there is no substantial error in the transcript.

Judgment and order are affirmed.

Ross, J., and McKee, J., concurred.

Hearing in Bank denied.