[Crim. No. 50. Third Appellate District.—October 2, 1907.]

## THE PEOPLE, Respondent, v. C. J. ROBERTSON, Appellant.

CRIMINAL LAW—EMBEZZLEMENT OF TAXES BY DEPUTY ASSESSOR—IRREGULAR RECEIPT OF PART PAYMENT—VARIANCE—ESTOPPEL.—Upon the trial of a deputy assessor accused by the information of having received a specific sum belonging to the county and of having embezzled the same, where the proof shows that the money was irregularly received by the deputy in part payment of taxes due from a mining corporation, and was fraudulently appropriated by him, he is estopped from denying that he received the money as agent of the county and in trust for the county, and from urging that he received the same as bailee of the mining company, and that there was a variance as to the ownership of the property.

ID.—FAILURE TO COLLECT WHOLE TAX ON TIME.—Conceding that it was the official duty of the assessor to have collected the whole tax prior to the part payment received by the deputy, the failure to do so cannot be urged in defense to the charge of embezzlement by the deputy.

ID.—APPLICABLE INSTRUCTION—MONEY BELONGING TO COUNTY.—Where the evidence showed without conflict that the defendant was an agent of the county in receiving money due for the use and benefit of the county, it was proper to instruct the jury that money collected by a county official for the use and benefit of the county belongs to the county.

ID.—TESTIMONY OF ASSESSOR—ADMISSION BY DEFENDANT—OTHER ACTS OF EMBEZZLEMENT.—The testimony of the assessor was admissible to show an admission by the defendant that he was short, and to show that he had committed other acts of embezzlement, for the

purpose of showing the intent or guilty knowledge with which defendant committed the act charged.

ID.—IRREGULAR EVIDENCE NOT PREJUDICIAL—WAIVER OF OBJECTION.—Evidence by the assessor, which might have been stricken out as not responsive, but to which no objection was made, and an answer by him without objection to a question calling for the conclusion of the witness, could not be prejudicially erroneous where there is no controversy as to the main facts showing the defendant's guilt.

ID.—POSTPONEMENT OF SENTENCE—TRIAL FOR SIMILAR OFFENSE.—The court properly postponed the time for sentence, to await the result of another trial of the defendant for a similar offense.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

Rowan Hardin, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

BURNETT, J.—From the judgment following a conviction of embezzlement and from the order denying his motion for a new trial defendant brings this appeal.

In appropriate phraseology, defendant, as deputy assessor of Tuolumne county, is accused by the information of having received the sum of $130.40 belonging to said county and of having embezzled the same.

The evidence shows clearly and without conflict that the money was paid to defendant by the superintendent of the Nonpareil Mining Company on certain taxes owing by said corporation. The payment was by means of a check and the money was obtained by defendant on August 6, 1906, by cashing the check for that amount at the Tuolumne County Bank. The county assessor testified that the defendant admitted that he received the money as payment on the said mining company's tax. The payment was credited by the county assessor to the company's account for taxes and he supplied the deficiency caused by defendant's fraudulent appropriation. In fact, there is no doubt that the money was sent by the mining company in part payment of its tax; that

it was so received by defendant and fraudulently appropriated by him to his own use.

Appellant contends, however, for the exceedingly technical proposition that as the money constituted only a partial payment of the tax, it could not be received legally by the assessor as the money of the county, and consequently it was held by defendant as bailee of the mining company and not "in the course of his duty and employment as such deputy assessor," as alleged in the information. Hence, it is claimed there was a variance between the proof and the allegation of the information as to the ownership of the property. Appellant states his position as follows: "As the assessor was required to assess the property as a possessory interest, under the provisions of section 382 of the Political Code he could not accept the taxes in installments." But admitting that the money was irregularly received for the county, it can be of no avail to appellant, for the obvious reason that he is estopped from denying that he was the agent of the county in the transaction and that he held the money in trust for his principal.

In *Ex parte Hedley,* 31 Cal. 113, the supreme court quotes with approval the following from Bishop's Criminal Law, section 3671: "In reason whenever a man claims to be a servant while getting into his possession by force of this claim the property to be embezzled, he should be held to be such on his trial for the embezzlement. Why should not the rule of estoppel known throughout the entire civil department of our jurisprudence apply in the criminal? If it is applied here, then it settles the question; for by it, when a man has received a thing of another under a claim of agency he cannot turn around and tell the principal asking for the thing, 'Sir, I was not your agent in taking it but a deceiver and a scoundrel.' "

In *State* v. *Spaulding,* 24 Kan. 1, it appears that the defendant was city clerk and the money which he was charged with embezzling came from license fees which he collected. Under the ordinances of the city, the license fee was payable to the city treasurer, who issued a receipt therefor, upon the production of which the sole duty of the city clerk was to make out and attest the license. The clerk had nothing to do with the money. However, he collected from numerous licensees the money due on the delivery of their licenses. Hav-

ing been indicted for embezzling the same, he undertook to
defend on the ground that as his receipt of the money was
unauthorized and outside the line of his duty it was not the
money of the city but of the licensee and hence the indict-
ment for the embezzlement of the city's funds could not be
maintained.    The court, speaking through Mr. Justice Brewer,
disposed of defendant's contention as follows: "We hold
that when one assumes to act as agent for another, he may
not, when challenged for these acts, deny his agency; that
he is estopped, not merely as against his assumed principal,
but also as against the state; that one who is agent enough
to receive money is agent enough to be punished for embez-
zlement." Among other cases illustrating the principle are
the following: *People* v. *Treadwell,* 69 Cal. 226, [10 Pac. 502] ;
*People* v. *Royce,* 106 Cal. 187, [37 Pac. 630, 39 Pac. 524] ;
*People* v. *Cobler,* 108 Cal. 541, [41 Pac. 401] ; *People* v. *Old-
ham,* 111 Cal. 648, [44 Pac. 312] ; *State* v. *Cloutman,* 61
N. H. 143.

Complaint is made by appellant of the action of the court
in refusing a certain proposed instruction in line with the
contention that the assessor had no right to collect this money
at the time of the event.    But if correct as a guide for the
action of the assessor in collecting taxes, the principle has no
application here.    Granting that it was the duty of the as-
sessor to collect the whole amount of the company's tax prior
to August 6th, yet his failure so to do cannot be urged in de-
fense of appellant's conduct, as we have seen from the au-
thorities already cited.

Again, it is insisted that the law was not properly given in
the following instruction: "Money collected by a county
official for the use and benefit of the county, the money so
collected belongs to such county."    The argument is that
moneys collected for a county by a county officer do not al-
ways belong to the county.    In other words, money may be
illegally collected by the officer.    This is undoubtedly true.
But it is manifest that no such implication is contained in
the instruction.    Moneys so collected would not be *"for the
use and benefit* of the county."    It is said in *People* v. *Gray,*
66 Cal. 277, [5 Pac. 240] : "As soon as moneys are collected
by an officer of the state *for the use and benefit of the state,*
the moneys so collected belong to the state."    The obvious
meaning of the instruction here is if the money is collected

by an officer for the *actual* use and benefit of the county and it is for such use and benefit, it must be held to belong to the county. But if the principle as an abstract proposition is stated too broadly, it is strictly correct as applied to the undisputed facts of the case at bar, and hence could not be prejudicially erroneous. The money was due the county. It was paid for its use and benefit and it was received for that purpose by one authorized to receive it, and the fact that a larger amount should have been paid sooner could hardly divest the county of its title to the installment collected by the deputy assessor. The irregularity of the proceeding does not affect the question that we are considering. Section 3885 of the Political Code provides that "No assessment or act relating to assessment or collection of taxes is illegal on account of informality nor because the same was not completed within the time required by law." But again, in view of the principle of estoppel as hereinbefore enunciated, since the evidence showed without conflict that appellant collected the money for the use and benefit of the county, it was not improper to tell the jury that if so collected the money must be considered the property of the county.

Appellant makes also the point that the court erred in overruling an objection to this question asked of Assessor West: "I will ask you whether or not about the month of August you had a conversation with the defendant in reference to his shortage in your office as deputy assessor?" The answer was: "I did. The defendant said at the time he was short; I checked up the books at that time in the assessor's office to ascertain the shortage." It was entirely proper to offer evidence of any admission of defendant tending to show guilt. A part of the answer was not responsive to the question, but no motion was made to strike it out. This is a sufficient answer to appellant's contention that under the authority of *People* v. *Walker*, 142 Cal. 93, [75 Pac. 658], the witness should not have been allowed to testify that he "checked up the book and discovered a shortage." It was impossible, of course, for the court to anticipate such an answer to the question. Again, it is manifest that if the objection had been properly made and the ruling erroneous it would be without prejudice for the reason already stated. Indeed, the only defense seems to have been that the money did not belong to the county, and hence that there was a

variance between the proof and the allegations of the information as to the ownership of the property.

Another point made by appellant is that the court erred in admitting the testimony of Assessor West as to other acts of embezzlement. But it is clearly established that such evidence is admissible, as declared by the trial court in its instructions to the jury, "simply for the purpose of showing the intent or guilty knowledge, with which the defendant committed the particular act charged against him, if he did commit it." (*People* v. *Gray*, 66 Cal. 277, [5 Pac. 240]; *People* v. *Cobler*, 108 Cal. 541, [41 Pac. 401].) The manner in which this evidence was presented is somewhat objectionable. For instance, Mr. West was asked this question: "Do you know of any other amount, other than this $130.40, received by Mr. Robertson while he was deputy assessor under you as assessor of this county and not accounted for and paid over to the county treasurer?" This calls for a conclusion of the witness, but no such objection was made by defendant. If it had been the court would probably have required the prosecution to prove in the regular manner, as it did in the main charge, the receipt of the money by defendant and the fact that he had not paid it into the county treasury. But, as we have already seen, there seems to have been no controversy as to the fraudulent appropriation of the money. Hence, if erroneous, the action of the court was without prejudice.

The only other point made by appellant is that the court erred in continuing the time for sentence from January 21st to March 6th. This was done to await the result of another trial of defendant for a similar offense. It is difficult to see how the question can be reviewed, as it is not presented by the bill of exceptions and the action of the court is not properly authenticated, but it is clear that there was no error in postponing sentence. (*Ex parte Morton*, 132 Cal. 348, [64 Pac. 469].)

The record is free from error. The only defense is exceedingly technical and without merit. The guilt of the defendant was clearly shown. The judgment and order denying the motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.