[Crim. No. 526. First Appellate District.—November 4, 1914.]

THE PEOPLE, Respondent, v. E. J. EDDARDS, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—SALE OF MICA MINE—SUFFICIENCY OF INFORMATION.—In a prosecution for obtaining money under false pretenses the information states facts sufficient to constitute a public offense where it alleges that the defendant together with another person, "devising and intending by unlawful ways and means and by false and fraudulent pretenses and representations to obtain and get into their custody and possession the personal property of Frank M. Ferguson, with intent to cheat and defraud said Frank M. Ferguson of the same, did then and there willfully, unlawfully, knowingly, designedly, falsely, fraud-

ulently, and feloniously, pretend and represent to said Frank M. Ferguson that they, the said E. J. Eddards and George Gilbert, had sold to the Standard Oil Company, a corporation, a mica mine for a large sum of money, and that said large sum of money was then and there in the hands of and in the possession of one Asa V. Mendenhall, and that a portion of said large sum of money, to wit, the sum of $15,000, in lawful money of the United States, in the hands and in the possession of said Asa V. Mendenhall, was to be paid by said Asa V. Mendenhall to one J. S. Lord; that said $15,000 in lawful money of the United States was the share and interest of said J. S. Lord received from the sale of said mica mine to the Standard Oil Company, a corporation; that adjoining said mica mine there were other lands containing mica, and that they, the said E. J. Eddards and George Gilbert, had then and there a contract with said Asa V. Mendenhall whereby the said Asa V. Mendenhall would, for a consideration of ten per cent of the sale price, induce the Standard Oil Company, a corporation, to purchase from them, the said E. J. Eddards and George Gilbert, ten mica claims for the sum of $550,000 in lawful money of the United States when they, the said E. J. Eddards and George Gilbert, would locate and properly stake off said ten mica claims and obtain deeds on the said mica claims," it being further alleged that each of said representations was false and fraudulent and known to be so by the defendant, and were made to induce the defrauded party to pay to defendant and his associate the sum of two hundred dollars, and that the defrauded party believed said representations to be true and acted thereupon.

ID.—SUFFICIENCY OF INFORMATION—MEANS OF FRAUD—WHEN OBJECTIONS WAIVED BY FAILURE TO DEMUR.—In such a case the information is sufficient both in the respect that it follows the language of the statute, and also in that it sets forth with particularity the details and successive steps of the fraud; and an objection to it on the ground that there is no reference as to the means by which the alleged fraud was consummated is one which is aimed at mere uncertainty, which should have been taken advantage of by a special demurrer, and in the absence of such demurrer, the objection, if otherwise tenable, was waived.

ID.—INSUFFICIENCY OF SINGLE REPRESENTATION—WHEN REVERSAL NOT WARRANTED BY.—In such a case, while one of the several representations averred to have been made by the defendant might, if standing alone, be regarded as insufficient to base a prosecution upon, this fact is not sufficient to warrant a reversal of the case, where the other representations are sufficient.

ID.—INSTRUCTIONS—REFUSAL OF INSTRUCTION NOT ERROR WHEN COVERED BY OTHERS.—In such a case there is no error in refusing an instruction proffered by the defense, however correct in point of law, where it is sufficiently covered by other instructions given by the court.

ID.—EVIDENCE—ADMISSIBILITY OF CONVERSATIONS OF DEFENDANT WITH THIRD PARTY—TELEGRAM FROM DEFENDANT TO ASSOCIATE.—In such a case there was no error in permitting the party, who, it was charged, the defendant represented held the purchase money for the mica mine, to testify in respect to conversations between himself and the defendant regarding dealings between them closely allied to the transaction with the complaining witness; such conversations being admissible, first, as part and proof of the very dealings between the defendant and the alleged victim, set forth in the information; and, second, as evidence of a similar transaction with the alleged holder of the purchase money tending to shed light upon the motive of the defendant in making his representations to the complaining witness; nor was the admission in evidence of a telegram for money sent by the codefendant, with appellant, to the wife of another party, who was one of the associates of appellant in the mica enterprise.

ID.—SUFFICIENCY OF EVIDENCE.—In such a case, where the evidence is conflicting upon practically every important issue of fact involved in the trial, the appellate court, under the well established rule, is prohibited from considering the sufficiency of the evidence to sustain the verdict.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. William S. Wells, Judge.

The facts are stated in the opinion of the court.

Marguerite Ogden, and Holcomb & Kempley, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a verdict and judgment of conviction, whereby the defendant was found guilty of the crime of obtaining money under false pretenses, and from an order denying the defendant's motion for a new trial.

The first alleged error of the trial court consists in the denial of the motion of the defendant in arrest of judgment, and for a dismissal of the action upon the ground that the facts stated in the information did not constitute a public offense.

The information charges that the defendant together with one George Gilbert, "devising and intending by unlawful ways and means and by false and fraudulent pretenses and representations to obtain and get into their custody and pos-

session the personal property of Frank M. Ferguson, with intent to cheat and defraud said Frank M. Ferguson of the same, did then and there willfully, unlawfully, knowingly, and designedly, falsely, fraudulently and feloniously pretend and represent to the said Frank M. Ferguson that they, the said E. J. Eddards and George Gilbert, had sold to the Standard Oil Company, a corporation, a mica mine for a large sum of money, and that said large sum of money was then and there in the hands of and in the possession of one Asa V. Mendenhall, and that a portion of said large sum of money, to wit, the sum of $15,000.00 in lawful money of the United States, in the hands and in the possession of said Asa V. Mendenhall, was to be paid by said Asa V. Mendenhall to one J. S. Lord; that said $15,000.00 in lawful money of the United States was the share and interest of said J. S. Lord received from the sale of said mica mine to the Standard Oil Company, a corporation; that adjoining said mica mine there were other lands containing mica, and that they, the said E. J. Eddards and George Gilbert, had then and there a contract with said Asa V. Mendenhall whereby the said Asa V. Mendenhall would, for a consideration of 10% of the sale price, induce the Standard Oil Company, a corporation, to purchase from them, the said E. J. Eddards and Geo. Gilbert, ten mica claims for the sum of $550,000.00 in lawful money of the United States when they, the said E. J. Eddards and Geo. Gilbert would locate and properly stake off said ten mica claims and obtain deeds on said mica claims." It is then set forth specifically that each and all of the foregoing representations were utterly false and fraudulent, and were known so to be by the said E. J. Eddards and Geo. Gilbert and each of them, and were made by them and each of them for the purpose of inducing said Frank M. Ferguson to pay over and deliver to them the sum of two hundred dollars; and that the said Frank M. Ferguson, believing each and all of said false and fraudulent representations and pretenses to be true, and being deceived thereby, did deliver and pay over to said defendants the sum of two hundred dollars, which said sum was received and obtained by them and each of them with the intent then and there to cheat and defraud the said Frank M. Ferguson out of the same, and that they and each of them did thereby and then and there willfully, unlawfully, fraud-

ulently, designedly, and feloniously cheat and defraud said Frank M. Ferguson out of said money.

We think this information sufficient both in the respect that it follows the language of the statute, and also in that its sets forth with particularity the details and successive steps of the fraud. It is contended by the defendant that there is no reference in the information as to the means by which the alleged fraud was consummated. This objection, however, is one which is aimed at the mere uncertainty of the information by reason of its insufficient amplification so as to set forth the entire transaction between the defendants and the defrauded person, and is in the nature of a special demurrer. This being so, it should have been made in the form of a demurrer to the information *in limine,* but the record shows that no such pleading was presented. We think, therefore, that this objection, if otherwise tenable, was waived by the failure of the defendants to demur to the information.

The next contention of the appellant is that one of the several representations made by the defendants to the defrauded person was inadequate to form the basis of a criminal pretense sufficient to satisfy the statute. But this was only one of the representations averred to have been made by the defendant; and while standing alone it might not be regarded as sufficiently tangible to base a prosecution upon, still we think that read with the others, especially when viewed in the light of the entire testimony, the insufficiency of this single item of the charge would not be adequate to work a reversal of the case.

The appellant's next contention is that the court erred in its refusal to give to the jury the fifth instruction asked by his counsel. We think that this instruction, however correct in point of law, was sufficiently covered by the other instructions given by the court.

As to the alleged errors of law arising out of the rulings of the court during the trial, we do not find that any of these are of sufficient importance to warrant discussion in detail. The principal one of these has reference to the action of the court in permitting the witness Mendenhall to testify in respect to conversations between himself and the appellant regarding dealings between them closely allied to the transaction with the complaining witness. These conversations were admitted for two reasons: 1. As part and proof of the very dealings

between the appellant and Ferguson set forth in the information; and, 2. As evidence of a similar transaction with Mendenhall tending to shed light upon the motive of the appellant in the making of his representations to Ferguson. Both of these were sufficient reasons for the admission of this testimony. There is also a ruling of the court admitting in evidence a certain telegram for money sent by George Gilbert, the codefendant, with appellant, to the wife of one J. O. Brown, who was one of the associates of appellant in the mica enterprise. The purpose of producing this telegram and its admission does not seem very clear; but it is too immaterial an episode in the progress of the case to justify a reversal, even if it were conceded to be an error.

The main argument of counsel for the appellant upon the hearing of this appeal and in her briefs was devoted to the plea that the evidence in the cause did not sufficiently show the defendant to be guilty of the offense charged in the information. This branch of the case was very clearly, logically, and plausibly presented; and were this the trial court, or were we sitting in the attitude of jurors, we may not say how far it would have availed to set this defendant free; but since the evidence in the cause was conflicting upon practically every important issue of fact involved in the trial, we may not, under the well-established rule of this court, give ear to an argument predicated upon such substantial conflict in the testimony as the record discloses here.

We find no sufficient error of law in the record to justify a reversal of the case. The judgment and order are affirmed.

Lennon, P. J, and Kerrigan, J., concurred.