[Crim. No. 535.    First Appellate District.—November 12, 1914.]

## THE PEOPLE, Respondent, v. MARY VAUGHN, Appellant.

CRIMINAL LAW—PLEADING—SUFFICIENCY OF INFORMATION.—In a prose-
cution for attempt to commit grand larceny by trick and device the
information is sufficient where it follows the language of the statute.

ID.—ALLEGED MISCONDUCT OF DISTRICT ATTORNEY—WHEN NOT CON-
SIDERED ON APPEAL—FAILURE TO REQUEST ADMONITION TO JURY.—
In such a case the district attorney is entitled in his argument to
the jury to make any deduction from the evidence and to draw any
inference from the testimony that in his judgment is logical, even
though his comment upon the conduct and character of the defendant
may be harsh; and it is the general rule that even though miscon-
duct of the district attorney be conceded, in the absence of a request
to the court to admonish the jury to pay no heed to it, complaint of
the same will not be heard in the appellate court.

ID.—ATTEMPT TO COMMIT GRAND LARCENY BY TRICK AND DEVICE—
SUFFICIENCY OF EVIDENCE.—Where, in such a case, if the transaction
involved in the information and established in evidence at the trial
had been completed to the extent of the defendant obtaining money
from the complaining witness and retaining it for her own use, she
would have been guilty of the crime of grand larceny by trick and
device, the fact that she was prevented from the commission of the
crime by any circumstances whatever does not alter the situation;
and if upon the completion of the transaction she would have been
guilty of the crime of grand larceny by trick and device, the evidence
is sufficient to sustain the finding of the jury implied from their ver-
dict that she was guilty of an attempt to commit grand larceny by
the same means.

ID.—INFERENCES FROM EVIDENCE—INTENT—PROVINCE OF JURY.—In such
a case, while the inference might be drawn from the evidence that
it was the intent of the defendant to get the money of the complain-
ing witness under the pretense that she had some secret influence and
would use it and the money to procure a dismissal of the criminal
prosecution then pending against the son of the complaining witness,
but on the other hand, it might be fairly inferred from all the evi-
dence that her intent was to keep the money for herself rather than
to resort to any such course, the question was one for the jury to
determine and not for the appellate court; and there being evidence
to sustain the theory of the people upon which the case was tried
and defendant convicted, the verdict must stand as far as the
appellate court is concerned.

ID.—PRONOUNCEMENT OF JUDGMENT—POSTPONEMENT AT DEFENDANT'S
REQUEST—FINDING OF TRIAL COURT THEREON CONCLUSIVE.—In such

a case, the contention of the defendant that a new trial should have been had because the sentence of the trial court was postponed beyond the statutory time is answered by the minutes of the trial court, which were corrected at the request of the defendant, upon the hearing of which motion evidence was taken and the court after hearing conflicting evidence ordered the minutes to be corrected to show that the postponement of the pronouncement of judgment was had at the request of defendant.

ID.—EVIDENCE—INTENT—EXHIBITION OF NOTE TO WOMEN'S CLUB.— There was no error in such a case in excluding testimony proffered for the purpose of showing that the defendant exhibited the promissory note obtained from the complaining witness to the president of a certain women's club before any trouble concerning the transaction arose, for the purpose of rebutting the inference resulting from other testimony in the case that the defendant obtained the note for her own benefit, defendant's contention being that the note was obtained for the benefit of the club, and to be used for legitimate purposes, but there being nothing in the proferred testimony to indicate that it was the purpose and intent of the defendant to transfer the note to the president of the club, in consideration of the influence of the club to be exercised on behalf of the son of the complaining witness; especially where the testimony of the defendant herself seems to negative such an intent. Such evidence is immaterial and irrelevant and to a certain extent self serving.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

N. C. Coghlan, Gail Laughlin, and M. A. Ross for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—With reference to the point made upon the sufficiency of the information, we are satisfied that the demurrer was not well taken. The information follows the language of the statute and therefore, in our judgment, is sufficient.

In regard to the alleged misconduct of the district attorney, we think that while the comment of that officer upon the conduct and character of the defendant may have been somewhat harsh, nevertheless it was apparently but a deduction

25 Cal. App.—47

from the evidence; and this the prosecuting officer was entitled to make. He had a right to draw any inference from the testimony that in his judgment was logical. Moreover there was no request to the trial court to admonish the jury to pay no heed to the alleged misconduct. It has been the rule of this court—and we think the settled rule generally—that even though misconduct be conceded, in the absence of a request to the court to admonish the jury to pay no heed to it, complaint of the same will not be heard in this court.

Coming to the point that the evidence is insufficient to sustain the verdict, we are satisfied that if the transaction involved in the information and established in evidence at the trial had been completed to the extent of the defendant obtaining the money of the complaining witness and retaining it for her own use, she would have been guilty of the crime of grand larceny by trick and device. The fact that she was prevented from the commission of the crime by any circumstances whatever does not alter the situation; and if upon the completion of the transaction she would have been guilty of the crime of grand larceny by trick and device, then we are of the opinion that the evidence is sufficient to sustain the finding of the jury implied from their verdict that she was guilty of an attempt to commit grand larceny by the same means.

It is true that the inference might perhaps be drawn from the evidence that it was the intent of the defendant to get the money of the complaining witness under the pretense that she had some secret influence and would use it and the money to procure a dismissal of a criminal prosecution then pending against the son of the complaining witness. But on the other hand, that her intent was to keep the money for herself rather than to resort to any such course, we think may be fairly inferred from all of the evidence. True, a verdict of "not guilty" might as well have been founded upon the same evidence; but that was a question for the jury and not for this court; and if there is any evidence at all to sustain the theory suggested by the people and upon which the case was tried and the defendant convicted in the lower court, the verdict must stand as far as this court is concerned.

With reference to the contention that a new trial should be had because the sentence of the trial court was postponed beyond the statutory time, that point is answered by the ruling

of the lower court, as evidenced by the minutes of the court, and which is conclusive upon that point, particularly in view of the fact that a motion was made to correct the minutes by the defendant. Upon the hearing of that motion evidence was taken as to what was said and done by all of the parties—counsel and court—upon the matter of pronouncing judgment. The court, after hearing the evidence, in which there is some conflict, determined the motion adversely to the defendant, and in effect made an order correcting the minutes, showing that the postponement of the pronouncing of judgment was had at the request of the defendant. That being so, the point cannot be availed of upon this appeal.

Finally, complaint is made of the exclusion of certain testimoney proffered for the purpose of showing that the defendant exhibited the note obtained from the complaining witness to one Miss Fairbrother, the president of the Woman's Club, before any trouble concerning the transaction arose. It is argued that such testimony, if admitted, would have tended to rebut the inference resulting from other testimony in the case, that the defendant obtained the note for her own benefit, and that if such testimony had been admitted it would have tended to show that the note was obtained for the benefit of the Woman's Political Club, and to be used for legitimate purposes. But there is nothing in the proffered testimony to indicate that it was the purpose and intent of the defendant to transfer the note to Miss Fairbrother as president of that club, in consideration of the influence of the club to be exercised on behalf of the son of the complaining witness. In other words, it is not apparent to us that the proffered testimony tended in any degree to establish the fact that the defendant's purpose and intent in procuring the note was to give it to the Woman's Club; but on the contrary, the testimony of the defendant herself would seem to negative such an intent; and if that be so, the testimony was immaterial and irrelevant, and to a certain extent a self-serving declaration. Moreover and finally, even if the testimony had been admitted, we cannot see from a reading of the entire evidence that the result would have been any different. We feel convinced from a consideration of the entire evidence that if the particular evidence, the exclusion of which is now complained of, had been admitted, the verdict might as well have been "guilty." In other words, conceding for the sake of

argument the error complained of, it did not contribute to or control the verdict.

The judgment and order appealed from are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1915, and the following opinion then rendered thereon:

THE COURT.—In denying appellant's application for a hearing in this court, after decision by the district court of appeal for the first district, we deem it proper:

First. To again call attention to what we said in *People* v. *Davis,* 147 Cal. 346, [81 Pac. 718], and in *Burke* v. *Maze,* 10 Cal. App. 211, [101 Pac. 438, 440], as to the rule governing our action on such applications, in causes which, under the provisions of the constitution, are directly appealable to a district court of appeal, rather than to this court.

Second. To say, in regard to the discussion in the appellate court opinion of the ruling of the trial court in refusing to admit certain testimony offered, that the same does not show that error was committed in said ruling, and that our action in denying a hearing in this court is had without regard to what is said in the opinion as to the effect of said ruling upon the verdict.

Lawlor, J., having been trial judge herein, does not participate in the foregoing.