[Crim. No. 896. First Appellate District, Division Two.—December 16, 1920.]

## THE PEOPLE, Respondent, v. JOHN GAVIN, Appellant.

[1] JUVENILE COURT LAW—VIOLATION OF SECTION 21—SUFFICIENCY OF INFORMATION.—An information charging a defendant with the violation of section 21 of the juvenile court law, in that on a certain day in a given city he did willfully and unlawfully "commit an act which did then and there tend to cause and encourage" a certain male person, "of the age of nine years, to come within the provisions of subdivision 11, of section 1 of said juvenile court law as follows"; that he "did then and there willfully and unlawfully induce, persuade and encourage" the said minor "to submit to a lewd and immoral act . . . all of which . . . did thereby then and there manifestly tend to, and did, encourage, cause and contribute to" the said minor "becoming and remaining such a person as is described in section 1, subdivision 11, of the juvenile court law of the state of California, to wit: a person under the age of twenty-one years, who is leading, or from any cause is in danger of leading an idle, dissolute, lewd and immoral life," is sufficient as against a general demurrer.

[2] ID.—INSUFFICIENCY OF INFORMATION AS AGAINST SPECIAL DEMURRER—WAIVER OF OBJECTION.—Where no attack is made upon an information, by special demurrer, on the ground that the acts complained of are not set forth in the information with sufficient certainty and definiteness, that objection must be deemed to have been waived.

[3] ID.—TECHNICAL OBJECTIONS TO INFORMATION — ABSENCE OF MISCARRIAGE OF JUSTICE—APPEAL.—Under the rule of decision laid down by the constitution in section 4½ of article VI thereof, a judgment of conviction cannot be reversed because of technical objections to the form of the information, where the information is sufficient as against a general demurrer and it is apparent from an examination of the entire record that the defendant was not misled by any of such defects and that no miscarriage of justice resulted therefrom.

[4] ID.—EVIDENCE—INSTRUCTIONS — ARRAIGNMENT — NEW TRIAL. — In this prosecution for a violation of section 21 of the juvenile court law, the evidence was without substantial conflict and was sufficient to prove the crime charged; the instructions, taken as a whole, completely and fairly presented the law of the case to the jury; the record clearly showed that the defendant was duly arraigned before sentence was pronounced; and, the affidavits in sup-

port of defendant's motion for a new trial on the ground of newly discovered evidence having been clearly insufficient, the denial of the motion for a new trial was proper.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mrs. E. C. Harrington for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—Appellant was tried before a jury and convicted of a misdemeanor upon an information charging him with the violation of section 21 of the juvenile court law (Stats. 1915, p. 1225), in that on a certain day in the city and county of San Francisco he did willfully and unlawfully "commit an act which did then and there tend to cause and encourage one ——, a male person under the age of twenty-one years, to wit: of the age of nine years, to come within the provisions of subdivision 11, of section 1 of said juvenile court law, as follows: said John Gavin, did then and there willfully and unlawfully induce, persuade and encourage the said —— to submit to a lewd and immoral act . . . all of which . . . did thereby then and there manifestly tend to, and did, encourage, cause and contribute to the said —— becoming and remaining such a person as is described in section 1, subdivision 11, of the juvenile court law of the state of California, to wit: a person under the age of twenty-one years, who is leading, or from any cause is in danger of leading an idle, dissolute, lewd and immoral life."

[1] Appellant urges that the information does not state facts sufficient to constitute a crime or public offense because it fails to allege that the minor named in the charge is leading an idle, dissolute, or immoral life, or that he is in danger of doing so. It is alleged that the acts complained of tended to encourage the minor to become such person as is described by section 1, subdivision 11, of the juvenile court law, and the inferences which must necessarily be drawn

from the facts alleged are sufficient to sustain the information as against a general demurrer. [2] It may be that the acts complained of were not set forth in the information with sufficient certainty and definiteness to support it as against a special demurrer, but no attack was made upon that ground, and the objection must, therefore, be deemed to have been waived. (*People* v. *Eddards,* 25 Cal. App. 660, 664, [145 Pac. 173].) [3] Other similar technical objections to the information are made, but it is apparent from an examination of the entire record that appellant was not misled by any of the alleged defects in the form of the information and that no miscarriage of justice has resulted therefrom. Accordingly, under the well-known rule laid down by the constitution in section 4½ of article VI thereof, the judgment cannot be reversed upon any of these grounds.

[4] It is also urged that the evidence is insufficient to prove that any crime was committed. A careful examination of the entire record shows that this contention is without merit. The evidence is clear, explicit, and without substantial conflict, and it would be difficult to conceive of any jury reaching a verdict other than one of guilty.

Objection is made to the instructions given to the jury. But reading them all as a whole, it is apparent that, if any error occurred therein, it did not result in a miscarriage of justice, because, taken as a whole, the instructions of the court completely and fairly presented the law of the case to the jury.

It is also urged that the trial court erred in not deciding appellant's motion in arrest of judgment and in failing to arraign appellant for judgment. The record does not contain a motion for the arrest of judgment, but in the reporter's transcript of proceedings it appears that after appellant's motion for a new trial was denied his counsel stated that she desired to appeal and make a motion for the arrest of judgment. The court thereupon immediately pronounced judgment, and from this it may be assumed that the motion for arrest of judgment, if one was made, was denied. The record clearly shows that defendant was duly arraigned before sentence was pronounced.

In support of his motion for a new trial appellant filed affidavits for the purpose of showing that new evidence

had been discovered. The affidavits were clearly insufficient and the denial of the motion for a new trial was proper.

The judgment is affirmed.

Brittain, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1921.

All the Justices concurred.